2021 IL App (2d) 200560-U
No. 2-20-0560
Order filed February 18, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF DAVID J. SPIRER, | ) ) | Appeal from the Circuit Court of Lake County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 20-D-65 |
| | ) | |
| ROBYN SPIRER, | ) ) | Honorable Charles William Smith, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court erred in denying former husband's petition to enroll Missouri dissolution judgment in Illinois. Reversed and remanded.

¶ 2    Petitioner, David J. Spirer, and respondent, Robyn Spirer, divorced in 2017 in Missouri. Shortly thereafter, the parties moved to Illinois. In 2020, David petitioned in Lake County to enroll a foreign decree as a judgment of the Lake County circuit court. The trial court denied the petition, finding that, in their marital settlement agreement, the parties had agreed that issues concerning parenting would remain in Missouri and be determined under Missouri law. It also determined

that David, who had previously filed and then voluntarily dismissed a petition in Missouri, was forum shopping. David appeals. We reverse and remand.

¶ 3                                  I. BACKGROUND

¶ 4     The parties married in 2009 in Chicago. The dissolution judgment was entered in the Circuit Court of St. Louis County, Missouri, on October 26, 2017, and incorporated the parties' marital settlement agreement and parenting plan. The dissolution judgment provided that the parties would share joint legal custody for their son, A.S., who was born in August 2015. A guardian *ad litem* (GAL) was involved in the dissolution proceedings.

¶ 5     The marital settlement agreement provided, in its choice-of-law provision, that it would be construed in accordance with Missouri law and that "[j]urisdiction will remain in the State of Missouri for all purposes including child support and custody." In a provision entitled "Jurisdiction," the agreement stated that the "parties agree that Missouri shall maintain jurisdiction over this matter."

¶ 6     The parties' parenting plan provided that Robyn would have sole physical custody of A.S. and granted David visitation. A relocation provision in the parenting plan stated that David "agrees that [Robyn] may move with [A.S.] to the Chicago area, including the northwest suburbs without providing further notice to [David] and [David] waives his rights under [Mo. Ann. Stat.] § 452.377 [(West 2018)], with regard to the Chicago move."

¶ 7                          A. David's 2019 Missouri Petition

¶ 8     On September 27, 2019, in Missouri, David petitioned to modify the dissolution judgment, seeking modification of the parties' parenting schedules. He alleged that both parties had relocated from St. Louis to the Chicago area and that A.S. had lived in the Chicago area for the past six

months. He included a child-support-amount-calculation worksheet, which reflected that his monthly income was $18,333 and that Robyn had no income.

¶ 9     On December 17, 2019, David moved for attorney fees and costs, asking that Robyn pay his attorney fees, litigation expenses, and costs. One day later, the Missouri court appointed a GAL to represent A.S.'s interests. Later that day, David voluntarily dismissed his petition to modify the dissolution judgment.

¶ 10                    B. David's 2020 Lake County Petition

¶ 11     On January 13, 2020, in Lake County, David petitioned, pursuant to section 511(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/511(c) (West 2018) (to commence post-judgment proceeding to enforce or modify foreign judgment, moving party shall file a petition to enroll that judgment)), to enroll a foreign decree, specifically, the Missouri dissolution judgment, as a judgment of the Lake County circuit court.

¶ 12     One day later, in Lake County, he moved for enforcement of the dispute resolution procedure provision of the dissolution judgment and to modify parenting time. He sought modification of the parenting schedule and reduction in the parties' interactions at the exchanges (asking that exchanges occur at A.S.'s preschool). David also alleged that, at the time, both parties resided in Buffalo Grove. He worked as a radiologist, and Robyn, who has a master's degree in education, was not employed and lived with her parents.

¶ 13     On March 12, 2020, Robyn filed a response to David's petition to enroll the foreign decree and moved to dismiss his petition (735 ILCS 5/2-619(a)(1) (West 2018)), arguing that the parties had agreed, and the Missouri court had ordered, that jurisdiction would remain in Missouri. She also asserted that David's motion to enforce the dispute resolution procedure and to modify parenting time was not properly before the court, which lacked jurisdiction to enforce or modify

the foreign judgment until and if David's petition was granted. Robyn argued that David was venue shopping and seeking to harass her by forcing her to incur attorney fees and costs in two states. She maintained that David had agreed that Missouri would have continuing jurisdiction over all aspects of this matter and then initiated litigation in Missouri in September 2019 after both parties had relocated to Illinois. She contended that David was not happy with the appointment by the Missouri court of the specific GAL, and this caused him to voluntarily dismiss his Missouri petition. Alternatively, Robyn argued that the court should dismiss David's petition because it did not have jurisdiction over the subject matter.

¶ 14    On June 16, 2020, after hearing (via Zoom), the trial court denied David's petition. The court found that section 511 of the Dissolution Act is permissive and not mandatory. Any *forum non conveniens* arguments, it noted, leaned toward enforcing the judgment in Lake County, but two factors were critical in assessing David's petition: (1) the fact that the parties had agreed that Missouri would retain jurisdiction over all matters and that Missouri law would apply; and (2) David had previously filed a petition in Missouri (seeking the same relief he sought in this case), dismissed it immediately after a GAL was appointed, and refiled it in Illinois less than one month later, which "highly suggests forum shopping." The trial court noted that, "[w]hile the judgment clearly could be enrolled in Lake County[,] that is NOT what the parties agreed to, they agreed to keep the issue[s] regarding parenting in St. Louis County and to determine them under Missouri law."

¶ 15    On July 15, 2020, Robyn petitioned for attorney fees and costs. At a September 24, 2020, hearing (via Zoom), Robyn's counsel noted that David had filed in Missouri a petition to modify the parenting schedule. David's counsel asserted that Robyn had refused to mediate and noted that the parties had been in Illinois since 2017. The trial court denied Robyn's petition on September

24, 2020, noting in its written order that its decision was final and appealable. In September 2020, David appealed.

¶ 16    After David filed his appellant's memorandum in this court, Robyn moved to dismiss the appeal, arguing that, on September 15, 2020, *i.e.*, before David filed his appeal in this case, David had filed, in Missouri, a new petition to modify the dissolution judgment and that litigation was ongoing in Missouri. Because the filings from the Missouri action were not part of the record in this appeal, Robyn also filed an appendix containing those filings and an affidavit from her attorney. This court, on December 23, 2020, denied Robyn's motion to dismiss this appeal.

¶ 17                                II. ANALYSIS

¶ 18    David argues that the trial court erred in denying his petition to enroll the Missouri dissolution judgment. For the following reasons, we agree.

¶ 19    This case presents a statutory construction question. Construction of a statute presents a question of law subject to *de novo* review. *In re Marriage of Kasprzyk*, 2019 IL App (4th) 170838, ¶ 27.

¶ 20    First, David argues that he followed the procedure in section 511 of the Dissolution Act, specifically, by filing his petition, attaching the Missouri dissolution judgment, and mailing a notice of filing to the Missouri circuit clerk. He also notes that Robyn consented to personal jurisdiction in Illinois by filing her appearance. Thus, in his view, there was no basis for the trial court to deny his petition to enroll. Next, David argues that the trial court's denial of his petition to enroll was contrary to section 305 of the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), which sets forth the requirements for the registration of a foreign child-custody determination. 750 ILCS 36/305 (West 2018). David argues that the trial court should have considered enrollment to be mandatory, not permissive, and granted his petition.

¶ 21    Finally, David argues that the trial court's forum-shopping finding is erroneous and asserts that he was not forum shopping.  He points to the fact that he, Robyn, and A.S. reside in Lake County.  Missouri, he contends, is not convenient, especially in the midst of the COVID-19 pandemic.  Addressing his 2019 Missouri petition, David argues that it does not reflect forum shopping.  He contends that Robyn's assertion that the result of any litigation in Missouri would have been unfavorable to David is speculative.  As to the appointment of a GAL in Missouri, David contends that a GAL cannot fulfill his or her duties when they reside in another state.  He dismissed the Missouri proceeding, he contends, because the Missouri GAL could not adequately meet his or her obligations hundreds of miles away from the parties and the child.

¶ 22    Robyn takes the position that, except for provisions addressing child support and parental responsibilities, the terms of a marital settlement agreement are generally binding on the parties.  750 ILCS 5/502(b) (West 2018); Mo. Ann. Stat. § 452.325(2) (West 2018).  She notes that the parties' agreement specifies not only a choice of law, but also that Missouri shall retain jurisdiction over modification proceedings, even specifying that it would retain jurisdiction over custody and support.  A forum selection clause, she notes, is *prima facie* valid and is enforced unless it would deprive a party of his or her day in court.

¶ 23    Next, addressing forum shopping, Robyn argues that, pursuant to the parties' agreement and the UCCJEA, Missouri is the proper jurisdiction for subsequent parenting disputes in this case.  She maintains that David understands this because he filed his 2019 petition in Missouri (after he had already moved to Illinois).  He abruptly dismissed his petition after the Missouri court appointed a GAL, and then filed his Illinois petition less than one month later.  Finally, Robyn argues that the Missouri court's exercise of jurisdiction will be just as convenient as that of the Illinois court's because the pandemic has prompted the use of telephonic and video proceedings.

¶ 24    In his reply brief, David argues that the relevant provisions of the UCCJEA are in accord with the proceedings moving forward in Illinois.  He points to section 203, arguing that Illinois had jurisdiction to modify the Missouri judgment.  750 ILCS 36/203 (West 2018) (Illinois court may not modify another state's child-custody determination unless it has jurisdiction to make initial determination under section 201(a)(1) and (2) and Illinois court determines that the child and his or her parents do not presently reside in the other state); see also 750 ILCS 36/201(a)(1), (2) (West 2018) (Illinois court has jurisdiction to make initial child-custody determination if Illinois is child's home state on commencement date of proceedings; home state means the state in which the child lived with a parent for at least six consecutive months immediately before commencement of child-custody proceeding).    David argues that, in both Illinois and Missouri, when a court makes an initial child custody determination, pending future circumstances, it possesses exclusive, continuing jurisdiction.  750 ILCS 36/202 (West 2018); Mo. Ann. Stat. § 452.745 (West 2018).    However, he further notes, in both states, another state can assert jurisdiction if a court of another state determines that neither the child nor a parent resides in the state.   So, the fact that the Missouri judgment merely recites that it possesses exclusive and continuing jurisdiction as the UCCJEA provides, does not convert that recitation, according to David, into a forum selection clause binding the parties to litigate in Missouri when it no longer has any connection to this case and when the UCCJEA provides that Illinois can assume jurisdiction even if Missouri once possessed it.

¶ 25    We note that the issue before us is a narrow one: whether the trial court erred in denying enrollment of the parties' Missouri dissolution judgment.  We conclude that court did err.  Section 511(c) of the Dissolution Act provides that, in "any post-judgment proceeding to enforce or modify the judgment of another state, the moving party shall *commence* the proceeding by filing a petition

to *enroll* that judgment, attaching a copy thereof as part of the petition and proceed as provided" in section 511(b). (Emphases added.) 750 ILCS 5/511(c) (West 2018). Section 511(b), in turn, provides that the moving party commences a proceeding by: (1) filing the petition; (2) attaching a copy of the judgment; (3) mailing notice to the clerk of the court where the judgment was entered; and (4) serving summons. 750 ILCS 5/511(b) (West 2018). David argues that section 511 is mandatory, not permissive, and that, once he satisfied the procedural requirements of the statute, the trial court had no discretion to deny enrollment. We agree that section 511 is mandatory. In and of itself, the enrollment process, if complied with, leaves no discretion on the trial court's part. However, the enrollment of a foreign judgment does not invoke jurisdiction for purposes modification under the UCCJEA. There is no language in section 511 indicating as such. That issue remains to be decided.

¶ 26    Robyn does *not* argue that David failed to complete any of the statutory steps. Rather, she claims the choice-of-law and forum selection provisions in the parties' agreement (and, separately, David's forum shopping) point to Missouri as the proper jurisdiction and show that the trial court properly denied David's petition. Again, we do not reach the UCCJEA jurisdiction question. We emphasize that his appeal involves only a petition to enroll a foreign dissolution judgment. In his reply brief, David addresses provisions of the UCCJEA that address a home state determination under that statute. The trial court here made no such finding, and we do not reach the issue.

¶ 27                               III. CONCLUSION

¶ 28    For the reasons stated, the judgment of the circuit court of Lake County is reversed and the cause is remanded for further proceedings.

¶ 29    Reversed and remanded.